REGAN v. GORHAM CO.

(Supreme Court, Appellate Division, First Department. December 24, 1908.)

1. DISCOVERY (§ 58*)—STATUTORY PROVISIONS—ORDER FOR EXAMINATION.
　　An order for the examination of plaintiff before trial under Code Civ. Proc. § 870, improperly required him to produce all bills, letters, etc., relating to the controversy.
　　[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 58.*]

2. DISCOVERY (§ 51*)—UNDER STATUTES—APPLICATION—LEAVE TO RENEW.
　　Under Code Civ. Proc. § 873, requiring the judge to whom an affidavit for an examination of a party is presented, as provided for in section 872, to grant an order for examination if an action is pending, that a former improper order for examination was vacated, and the moving party, instead of taking an appeal, presented new papers for a proper order, did not require him to obtain leave to renew the application, where he was entitled to the order as a matter of right; the merits of the application not having been considered upon the vacation of the former order.
　　[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 51.*]

Appeal from Special Term.

Action by James B. Regan against the Gorham Company. From an order vacating an order for an examination of plaintiff, defendant appealed. Order reversed, and order for examination reinstated.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Olney & Comstock (Don R. Almy, of counsel), for appellant.
Cornelius J. Earley (Edwin V. Guinan, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. This is an action to recover damages alleged to have been sustained by the plaintiff by reason of the breach of a warranty in the quality of certain silverware sold by the defendant to the plaintiff. On or about April 23, 1908, defendant obtained an order for examination of the plaintiff under the provisions of sections 870 et seq. of the Code of Civil Procedure. Said order contained provisions requiring the plaintiff to produce upon such examination all bills, statements, letters, receipts, or other papers or memoranda of any kind and nature whatsoever relating to the matters in question in its possession and the silverware in question herein. A motion was thereafter made, upon an order to show cause, to vacate and set aside said order, which motion was granted, and an order to that effect made and entered on the 3d day of June, 1908. Said order did not set forth the reasons therefor, nor did it appear to be made upon the merits. It is quite obvious that a sufficient reason for setting aside the original order of April 23, 1908, was that it coupled a requirement for the production of books, papers, and silverware with an order for examination, which this court has held to be improper. The defendant, realizing that the vacating order of June 3d was proper, and would undoubtedly be affirmed upon appeal, acquiesced therein, and subsequently, upon other papers, made a new application for an order for examination, and obtained a proper order from the Special Term dated June 4, 1908. The plaintiff moved to vacate that order, which motion was granted by an order dated July 23, 1908, which is the order appealed from.

The learned court making said order stated in its memorandum upon the granting thereof:

"The motion to set aside the order for examination must be granted for the reason that a previous order was vacated without leave to renew having been granted."

We do not find that the sufficiency of the papers or the merit of the application for an examination of the plaintiff had been passed upon by the Special Term upon the vacation of either of the orders providing for said examination. We think that facts are presented fully warranting such examination, and that the defendant is entitled thereto as matter of right. Section 873 of the Code of Civil Procedure provides that the judge to whom such an affidavit, as is provided for in section 872, is presented, "must grant an order for the examination if an action is pending." We do not understand that where an improper order has been vacated and set aside, and the moving party acquiesces therein, instead of taking an idle and vexatious appeal, presents new papers and obtains a proper order in a proceeding where he is entitled to it as matter of right, and not of favor, he is obliged to obtain leave therefor.

Upon the record before us, we are satisfied that the order appealed from should be reversed, with $10 costs and disbursements, and the order thereby reversed reinstated. Date for examination to be fixed in order to be entered herein. All concur.